DAVIS MILL & ELECTRIC COMPANY, Respondent, vs. GALE, imp., Appellant.

*March 8—April 5, 1932.*

For the appellant there was a brief by *A. T. Twesme* of Galesville and *John C. Gaveney* of Arcadia, attorneys, and *H. L. Ekern* of Madison of counsel, and oral argument by *Mr. Twesme.*

*W. S. Wadleigh* of Galesville, for the respondent.

Fowler, J. The property involved in the two suits consists of a mill and a plant for generating electricity and the tracts of land whereon they are situated and the water power by which they are operated. The land lies on the west bank of the mill stream and became vested in Judge Gale, the founder of Galesville. The plaintiffs claim under Wilson Davis, who erected a mill on the site of the present mill in 1867. The original dam has been rebuilt, the mill improved, and the electrical plant erected. The tract has continuously and uninterruptedly been in the actual possession of, and a mill thereon has been continuously and uninterruptedly operated by, Wilson Davis and his successors in title down to the plaintiffs. The property has always been assessed to and the taxes paid by Davis and his successors in title. Extensive and valuable improvements have been made from time to time, and all conceivable open and obvious acts of ostensible ownership have been done and all conceivable indications of claim of absolute title have been given by the successive occupants.

The trial judge found that the original possession of Davis was permissive, but that it became hostile, and that the plaintiff has acquired title by adverse possession. The appellant's only claim is that there is no evidence of change from permissive to hostile possession and that the permissive possession must be presumed to have continued. The finding that the original possession was permissive is erroneous, as clearly appears from examination of abstracts of title received in evidence without objection. It seems not to have been noticed by the trial judge or counsel for appellant that title to the tract described in the complaints passed from Judge Gale and became vested in Davis, nor is the fact mentioned in the brief of respondent. However, counsel for respondent on oral argument referred to certain numbers on the abstracts which he asserted vested record title in Davis, and examination shows his statement to be

correct. Judge Gale, ten years before Davis erected his mill, conveyed the greater part of the land involved in the two suits, and his grantees conveyed to Davis. Gale conveyed two other tracts direct to Davis, one adjacent on the north and the other on the south to the land previously conveyed by him. The descriptions in the two deeds last mentioned, which are by metes and bounds, are unintelligible to the court, but from them it plainly appears that each deed conveys a tract adjacent to the land previously conveyed by Gale and that the tract conveyed extended to the west bank of the mill stream. It is equally plain that Gale's several deeds conveyed all the land described in the complaints. Counsel for appellant, apparently ignorant of these conveyances, states that the only basis for the plaintiffs' claim is a grant from Judge Gale to Davis of the "right and privilege of flowing the water by dam across Beaver Creek [the mill stream] twelve feet high above low-water mark at the old Clark and Harris dam." The Clark and Harris dam here referred to had gone out and the mill thereat been destroyed in a flood, and Gale wanted Davis to erect another mill. In the deeds first above mentioned Gale had reserved flowage rights, and his grant next above mentioned was apparently made to convey these reserved flowage rights and flowage rights on such other lands as he owned. In view of this situation and with the title to the land described in the complaints in Davis, the testimony on which the trial judge based his finding of permissive possession is entirely pointless. It was merely to the general effect that the appellant heard his father say to Davis that he wanted a mill erected and didn't care where it was located.

While further discussion is unnecessary to justify the judgment of the trial court, it may be stated that, assuming the possession of Davis to have been permissive, the finding that it became hostile and adverse and ripened into title is amply supported. In 1897 Davis and a cotenant who had

acquired an interest under mesne conveyances from Davis conveyed by warranty deed to the Davis Milling Company, a corporation, the land described in the complaints, "together with the water power and water and flowage rights appurtenant to said milling property, . . . including mill and dam and appurtenant shore protection." This, in view of the grantors' actual possession and the use and dominion of the property exercised by them, was sufficient to evince and give sufficient notice to all the world of a "hostile" possession. That the possession of the Milling Company and its successors in title has ever since been adverse and ripened into title is too plain for reasonable controversy.

*By the Court.*—The judgment of the circuit court is affirmed.